IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                  CRIMINAL ACTION NO. 5:04-cr-00191-02

CHARLES L. MCMILLION, JR.,

        Defendant.

**REVOCATION OF SUPERVISED RELEASE AND JUDGMENT ORDER**

On August 20, 2009, the Defendant, Charles L. McMillion, Jr., appeared in person and by counsel, Timothy P. Lupardus, for a hearing on the *Petition for Warrant or Summons for Offender Under Supervision* submitted by the Defendant's supervising probation officer. The United States was represented at the hearing by Monica L. Dillon, AUSA. United States Probation Officer Brett S. Taylor was also present at the hearing.

On July 7, 2005, the Defendant was sentenced to a term of imprisonment of 51 months to be followed by a 3-year term of supervised release. The Defendant began serving the term of supervised release on June 22, 2007. On April 17, 2009, the *Petition for Warrant or Summons for Offender Under Supervision* [Docket 207] was filed charging the Defendant with violating certain conditions of supervised release.

At the hearing, the Court found that the Defendant had received written notice of the alleged violations as contained in the *Petition*, and that the evidence against the Defendant had been

disclosed. The Court further found that the Defendant appeared, was given the opportunity to present evidence, and was represented in the proceeding by counsel.

The Court then found, by a preponderance of the evidence, that the Defendant violated certain conditions of supervised release as contained in the *Petition*; specifically, Violation Number 1 and Violation Number 3 appearing in the *Petition* as follows:

1. **Violation of General Condition: The defendant shall not commit another federal, state, or local crime**:

   On March 30, 2009, in Wyoming County, West Virginia, [the defendant] struck Jim Brown, III, in the face with what was believed to be a rubber hammer. According to the victim, he suffered multiple facial fractures as a result of the attack. Based on information provided to members of the Wyoming County Sheriff's Office, it appears that [the defendant] committed malicious wounding in violation of West Virginia Code 61-2-9(a).

   In addition to the above alleged malicious wounding, the defendant appears to have committed the misdemeanor offense of assault as defined by the West Virginia Code at 61-2-9(b). Th[e probation] officer interviewed Ashley Francis, an employee of Ron's Mini Packette in Glen Fork, West Virginia, and witness to the events of March 30, 2009 as alleged [above]. When Ms. Francis witnessed [the defendant] assaulting the victim, she yelled for him to let the victim go. According to Ms. Francis, the defendant shouted obscenities at her and commanded her to go back inside the store. Ms. Francis was in close proximity of the defendant and she reports that she perceived [the defendant's] command as a threat. As such, she indicates that she was placed in fear of receiving an immediate battery[; and]

3. **Violation of Standard Condition No. 7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician**:

   During a meeting with th[e probation] officer on March 24, 2009 at the United States Probation Office in Beckley, [the defendant] admitted he was using the pain medication Lortab. He was prescribed the medication and he was to take three Lortabs per day. [The defendant] admitted he was not taking the medication as prescribed. He reported he was taking five pills per day and believed his use may be escalating.

> Based on his own admission, [the defendant] was not taking his prescription medication as prescribed by his physician.

In making these findings, the Court relied upon the information contained in the *Petition* and the Defendant's admission that he committed Violation Number 1 and Violation Number 3.

The United States moved to withdraw Violation Number 2. Accordingly, the Court made no findings as to the allegations set forth in Violation Number 2.

Having found the Defendant to be in violation of the conditions of supervised release, the Court **REVOKED** the Defendant's supervised release and entered judgment as follows:

It is the **JUDGMENT** of the Court that the Defendant be committed to the custody of the Federal Bureau of Prisons for a term of **12 MONTHS**. The Defendant shall be given credit for time served as appropriately calculated by the Bureau of Prisons. Upon release from prison, the Defendant shall be placed on supervised release for a term of **24 MONTHS**. Within 72 hours of release from custody, the Defendant shall report in person to the United States Probation Office in the district to which the Defendant is released. While on supervised release, the Defendant must not commit another federal, state, or local crime, must not possess a firearm or other dangerous device, and must not unlawfully possess a controlled substance. The Defendant must also comply with the standard terms and conditions of supervised release as recommended by the United States Sentencing Commission and as adopted by the United States District Court for the Southern District of West Virginia, including the special condition that the Defendant shall participate in a program of testing, counseling, and treatment for drug and alcohol abuse as directed by the probation officer, until such time as the Defendant is released from the program by the probation officer. In addition, the Defendant shall comply with the following **SPECIAL CONDITIONS OF SUPERVISED RELEASE**:

1)     While on supervised release, the Defendant shall participate in anger management counseling as directed by his probation officer and approved by the Court; and

2)     While on supervised release, the Defendant shall have no contact, either directly or indirectly, with the following witnesses in this case: J. R. Brown III; Ashley Francis; and Linda Mullen.

The Defendant was remanded to the custody of the United States Marshal.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

        ENTER:     August 24, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE